# EXHIBIT 32

FORUM
ARBITRATION · MEDIATION · INTERNATIONAL

True Value Company
8600 West Bryn Mawr Avenue
Chicago, IL 60604 )
)
**(Complainant)** )
)
v. )
)
John Hills/Internet Locations )
P.O. Box 1509 )
Makawao, Maui, HI 96768
)
**(Respondent)** )
______________________________)

**Domain Names In Dispute:**
**<greenthumbgarden.com>**

**Case Number:**
FA1508001633289

**RESPONSE**

[1.] Respondent received a Written Notice of Complaint and Commencement of Administrative Proceeding on August 13, 2015. The Notification stated that Complainant had submitted a Complaint for decision in accordance with the Uniform Domain Name Dispute Resolution Policy, adopted by the Internet Corporation for Assigned Names and Numbers (ICANN) on August 26, 1999 and approved by ICANN on October 24, 1999 ("UDRP" or "Policy"), and the Rules for Uniform Domain Name Dispute Resolution Policy ("Rules"), effective March 1, 2010, and the FORUM Supplemental Rules ("Supp. Rules"), effective July 1, 2010. Rule 4.

[2.] **RESPONDENT INFORMATION**

[a.] Name: John Hills / Internet Locations
[b.] Address: P.O. Box 1509, Makawao, Maui, HI 96768
[c.] Telephone: 808-268-5000
[d.] Fax: 808-442-1111
[e.] E-Mail: IMAUI@MAC.COM

[3.] **RESPONDENT AUTHORIZED REPRESENTATIVE, IF ANY**
NONE

UDRP Rule 5(b)(ii).

Respondent's preferred contact person for correspondence relating to this case:

[a.] Contact Name(s): John Hills
[b.] Contact Emails(s): imaui@mac.com or imonsoon@gmail.com

Rule 5(b)(iii).

*FORUM Supplemental Rule 1(d).]*

The Respondent chooses to have this dispute heard before a (check one):
__*X*___ ***single-member*** *administrative panel;.*

Rule 5(b)(iv).

## [3.] RESPONSE TO FACTUAL AND LEGAL ALLEGATIONS MADE IN COMPLAINT

This Response specifically responds to the statements and allegations contained in the Complaint and includes any and all bases for the Respondent to retain registration and use of the disputed domain name. Rule 5(b)(i).

[a.] GreenThumbGarden.com is sufficiently broad in meaning and is intrinsically generic. It is not identical to a trademark or service mark in which the Complainant has rights.*]* Rule 3(b)(ix)(1); UDRP ¶ 4(a)(i).

1) Complainant's trademark is **Green Thumb**. Our domain is the phrase **Green Thumb Garden**

[b] Rule 3(b)(ix)(2); UDRP ¶ 4(a)(ii).

1) We have legitimate rights to the domain name because it is a generic term and phrase. Although generic words may be trademarked, the fact that a party claims trademark rights to a word or phrase does not mean that they are automatically entitled to take away from someone a domain representing that word or phrase.

*2)* Until this filing we were unaware of the registered marque "Green Thumb." Complainant states consumers are likely to be confused that the website located at GreenThumbGarden.com is sponsored by or affiliated with True Value. Any objective viewer looking throughout the site can see this is clearly not true. The third party "parking page" says nothing about True Value other than intermittent contextual advertising, voluntarily placed on the Internet by Complainant, might have appeared on the site. If this was a concern of Complainant it could have been addressed in a communication with us whereby we would have adjusted keywords and formats. Instead we believe True Value is using this Forum to unreasonably take the GreenThumbGarden.com domain from us.

In 20 years of web development we have made a point of avoiding trademark domains. Our domain portfolio is for websites useful to businesses and organizations throughout a broad spectrum of industries.

Going forward we are willing to ensure a legitimate noncommercial and fair use of GreenThumbGarden.com, without intent for commercial gain and which does not misleadingly divert consumers. However, we must insist we have not tarnished any trademarks or service marks to date.

An incidental appearance of a one-click ad for web services is shown in Complainant's exhibit [G]. We successfully got that removed. There is nothing in its appearance that links it in any way with True Value. Its momentary occurrence does not justify seizing the GreenThumbGarden.com domain.

Our goal is to put up a site useful to gardening enthusiasts. In fact, upon receipt of this complaint, we would have already changed the site to feature solely editorial content if the Forum had not mandated that our registrar ENom lock the domain's DNS.

On the issue of confusingly similar we ask that the following be considered:

a) Regarding the accusation of "Bad faith registration" in 1999:
The term "green thumb" is a universal idiom. It is an expression describing someone's affinity or skill at gardening. It is also used as a name for gardening-related businesses throughout the world, many of them selling garden supplies and services. There are additional trademarks for Green Thumb held by other businesses than True Value, including a Texas gaming company Multimedia Games Inc. & Washington pesticide company Green Thumb Industries.
Our registration of a domain for the generic phrase Green Thumb Garden is entirely legitimate and was not done in bad faith.

b) There are many other registered domains almost identical to greenthumbgarden.com that are parked for revenue and offered for sale such as greenthumbgardens.com and greenthumbgardener.com (see exhibits D, E & F)

We ask the panel to disallow specific persecution of this Respondent while other established businesses' signage and many other similarly generic domain names read almost identically to our domain and yet are not being challenged. It is our belief that True Value's marketing team perceives GreenThumbGarden.com as an appealing domain that they would like to use for marketing. Instead of contacting us to cooperate, which we are willing to do, they are attempting to seize the domain.
So we ask our panelist to deny True Value's inappropriate claim.

On the issue of a bona fide offering of goods or services we request that the following be considered:

a) So-called "parking" of this domain was part of a universal process for all our domains. It was never our intent to piggyback on any name recognition of a True Value label. Indeed if True Value had contacted us we would have been willing to develop an informative gardening site. An evaluator must ask: is our parking page such a heinous infraction as to justify a "taking" of our domain name without any attempt at negotiating a win-win solution?

b) [Rule 15(e). If the Rules provide, we ask the Panel to make a finding of reverse domain-name hijacking in this case. Our point of view is that True Value sees the desirability of owning the dot com domain of the generic phrase "Green Thumb Garden" and is attempting to take the domain from Respondent using its superior lawyering resources.

c) Following True Value's logic why wouldn't they go after the more desirable domain **GreenThumb.com**? This is the exact wording of their products' logo.
The answer is that an attempt to seize this domain would fail in the UDRP process. The owners of this domain are an existing California business calling itself Green Thumb Nursery who registered the generic domain GreenThumb.com. It points to SuperGarden.com where Green Thumb Nursery's site is hosted (see Exhibit A)

d) Consider the following example in regard to True Value's attempt to take our property. If the owner of the domain GreenThumb.com put a sign on their property advertising gardening tools for sale (perhaps manufactured by True Value, Sears and Gempler's) it would be considered outrageous for authorities to confiscate their land by claiming Green Thumb Nursery's outdoor signs and websites infringed on trademarks because they advertised a competitors' tools.
Similarly in this case our GreenThumbGarden.com domain is the "property" and any mention of other products was mere incidental signage put there automatically by our parking provider's contextual advertising feed.

e) Another Tampa business is named Green Thumb Nursery and actually owns the domain GreenThumbNursery.com which is very close in meaning to GreenThumbGarden.com. Are they to be subjected to a UDRP also? (Exhibit B)

f) There are many other similar domains resolving as parking sites. Some are for sale. We ask the panel to consider whether True Value is enforcing UDRP Complaints on all these domains or singularly targeting us? If they are indeed letting other domains stand then their action against us is unfair and discriminatory (See exhibits D, E, F )

*UDRP ¶ 4(c):*
(i. Respondent may eventually publish a different noncommercial and fair use site for GreenThumbGarden.com without intent for commercial gain, which also does not in any way misleadingly divert consumers nor tarnish the trademark or service mark at issue

*Rule 3(b)(ix)(3); UDRP ¶ 4(a)(iii).*
[c.] We believe GreenThumbGarden.com should be considered by the Panel as not having been registered in bad faith nor being used in bad faith.

The term "Green Thumb" is a widely used generic expression. The word "Garden" is also a common generic noun. It is logical to combine the words into the phrase Green Thumb Garden as a web address or business name as other businesses have done that do not violate any specific copyright registration (See exhibit G)

For an example of the abovementioned assertion, Target stores are currently running a promotion of children's gardening tools made by Small World Toys called "Green Thumb Garden Set." We believe this Target catalog brand is innocuous and compares equally to our domain name GreenThumbGarden.com in its freedom from copyright violation (see exhibit C). Is True Value going to enforce an action against Target for displaying the Green Thumb Garden Set?

*UDRP ¶ 4(b):*

*(i.)* The domain GreenThumbGarden.com was not acquired for the purpose of selling the domain to True Value. No attempts to sell it to them have ever been made.

*(ii.)* If True Value or a nursery or gardening magazine wished to co-venture with us on developing an informative site under the domain we believe we are legally entitled to do so.

[4.] **OTHER LEGAL PROCEEDINGS**

No other legal proceedings *]* Rule 5(b)(vi).

[5.] **RESPONSE TRANSMISSION**

The Respondent asserts that a copy of the Response, as prescribed by FORUM's Supplemental Rules, has been sent or transmitted to the Complainant, in accordance with Rule 2(b). Rule 5(b)(vii); FORUM Supp. Rule 5.

[6.] The Respondent respectfully requests that the Administrative Panel denies the remedy requested by the Complainant.

[7.] **CERTIFICATION**

Respondent certifies that the information contained in this Response is to the best of Respondent's knowledge complete and accurate, that this Response is not being presented for any improper purpose, such as to harass, and that the assertions in this Response are warranted under these Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument.

Respectfully Submitted,

_John Hills___________________
*[Signature]*

__JOHN HILLS_________________
*[Name]*

*[Date] September 8, 2015*____________

ANNEX document attached: **UDRP GreenThumbGarden.com - EXHIBITS.pdf**

**Exhibits Index**

Exhibit A – Existing California business "Green Thumb Nursery" owns GreenThumb.com

Exhibit B – Florida business owns GreenThumbNursery.com with green oval logo

Exhibit C – Target stores sell "Green Thumb Garden" children's gardening tools

Exhibit D – Sedo lists other "Green Thumb" domains for sale

Exhibit E – GreenThumbGardens.com domain is for sale for $3000

Exhibit F – GreenThumbGardening.com & GreenThumbLawns.com are parked, with ads

Exhibit G – GreenThumbGarden.com current landing page

*[The Response, not including annexed material, shall not exceed fifteen (15) pages and shall be submitted electronically in a document separate from any Annexes.]* FORUM Supp. Rule 5(c).

*[The Respondent shall submit the Response, including annexed material, to the FORUM at domaindispute@adrforum.com or to the assigned case coordinator directly.]* FORUM Supp. Rule 5(b) (see also Annex to the Supplemental Rules for permissible file types). [*The Response may alternatively be submitted online;Respondent's portion of any three member panel fees may be paid online as well. http://domains.adrforum.com]*

Rule 15(e).