ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 27 2017
at 1 o'clock and 46 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES
DISTRICT COURT FOR

THE DISTRICT OF HAWAII

TRUE VALUE COMPANY

**-against-**

JOHN HILLS

**The Defendant's Answer to the Complaint**
Case No. 16-00237 JMS-RLP

Jury Trial: ☐ _Yes **x** No

## I. The Parties Filing This Answer to the Complaint


| | |
|---|---|
| Name | John Hills |
| City and County | P.O. Box 1509 |
| City and County | Makawao, Maui |
| State and Zip Code | Hawaii 96768 |
| Telephone Number | 808 268 5000 |
| E-mail Address | imonsoon@gmail.com |


**Introduction**

**1. Omitted evidence**

Plaintiff omitted from this Complaint the fact that True Value Company's greenthumbgarden.com domain dispute went to arbitration with the Internet Corporation for Assigned Names and Numbers (ICAAN) that ruled on September 25, 2015 via its Uniform Domain Name Dispute Resolution Policy (UDRP) that Defendant was not in violation of the allegations in this Complaint.

Failing to supply the Hawaii Court with this URDP evidence, for which all documents are in the attorneys' 2015 files, brings into question the legality of closing the Case with Defendant in absentia. A copy of ICANN judge Hon. Karl V. Fink's Decision is enclosed herewith. We request that the decision of the Hawaii Court be vacated in light of the omitted evidence and Defendant not receiving any notification whatsoever.

**2. Improper service**

There is no justification for the negligence of sending mail over and over again to an address known to be obsolete when Plaintiff's lawyers had documents displaying Defendant's current address (UDRP documents attached) Repeatedly serving the Defendant at a 10-year old obsolete address when they knowingly had the correct address is malpractice.

Defendant's failure to respond to the Complaint is a direct result of improper serving of documents. Defendant was ambushed with a fait accompli and excluded from participating in the Hawaii case.

Defendant believes that what is driving this case is the need to recover exorbitant fees charged to True Value Company from the losing ICAAN case.

## II. The Answer and Defenses to the Complaint

### A. Answering the Claims for Relief

12. "Nearly identical" is not identical as ruled by ICAAN judge Hon. Karl V. Fink in a September 25, 2015 ruling (see attached exhibit)

15. When stating to the Hawaii District Court that a trademark claim was sent to Defendant in May 2015 Plaintiff makes no mention that it lost that URDP case in which the judge ruled, "Greenthumbgarden.com does not violate Plaintiff's trademark."
Green thumb garden is a generic phrase as ruled by ICAAN Dispute FORUM on August 15, 2015, Case Number FA1508001633289. "The Panel has found that Respondent has rights or legitimate interests in the <greenthumbgarden.com> domain name pursuant to Policy ¶ 4(a)(ii), and therefore also finds that Respondent did not register or use the disputed domain name in bad faith." (See URDP FORUM exhibit)

16. If notice of this litigation in Hawaii had been received by Defendant in October 2016 he would, as a courtesy, have switched off ad links and pointed the domain to a generic gardening site.

Defendant did not receive any prior notice of this case in Hawaii District Court despite Plaintiff having multiple contacts for Defendant in their copies of documents from the 2015 URDP Forum arbitration. In addition the on-line Who-Is contacts database for GreenThumbGarden.com clearly lists Defendant's correct address, fax number, phone number and email.

17. See September 25 2016 URDP Ruling. "The Panel has found that Respondent has rights or legitimate interests in the <greenthumbgarden.com> domain name pursuant to Policy ¶ 4(a)(ii), and therefore also finds that Respondent did not register or use the disputed domain name in bad faith."

18. Domain portfolio owners are not known by the domains they own.

19. "Green thumb garden" is a generic phrase as ruled by ICAAN URDP Claim Number FA1508001633289 (Copy attached)

21. Total parking revenue for the past five years is $12.22 (see exhibit) Claims that Defendant is profiting are not correct. Five years' renewal registration fees were $51.50 resulting in a $39.28 net loss on so-called "parking" or "monetization". Regarding complaint about Parking being detrimental, UDRP judge Hon. Karl V. Fink states:
"Complainant has not proved this element." (See Forum ruling)

22. Defendant offers to cease the parking and replace it with information for gardeners. Currently re-direction cannot be implemented as Plaintiff sent dispute documents to Defendant's registrar resulting in the domain settings being locked.

23. There is no evidence of malware.

24. In 1999 the Defendant was unaware of Plaintiff's trademark. Greenthumbgarden.com domain was not registered with any intent to divert customers from True Value products. There is no proof that Defendant set out to divert web users from True Value's websites for commercial gain. UDRP Panel judge, Hon. Karl V Fink states: "The Panel finds there is no evidence that Respondent was intentionally using the domain name to mislead the public in any way."

25. Defendant offers to switch off landing pages and all advertising.

26. See 21. Defendant incurred a net loss.

27. There is no evidence provided of actual injury to Plaintiff.
Plaintiff's filing in May 16, 2016 was resolved in favor of Defendant in a URDP Dispute, Claim Number: FA1508001633289.
There is no evidence of Cybersquatting.

31. Defendant was unaware of Plaintiff's trademark when registering the domain in 1999. UDRP judge, Hon. Karl V Fink states:
"The Panel therefore finds that Respondent did not register or use the greenthumbgarden.com domain name in bad faith.

**B. Trademark infringement**
Defendant denies trademark infringement. Strong similarity is a subjective opinion. "Green thumb" in the context of gardening has been used as a colloquial expression for more than a century. Judge Hon. Karl V. Fink's Decision states that there is no trademark infringement (See FORUM ruling)

The Internet Corporation for Assigned Names and Numbers (hereinafter referred to as ICAAN) ruled via its Uniform Domain Resolution Policy (hereinafter referred to as UDRP) in a ruling on September 25, 2015, stating the following:

6,9,12-14, 20, 22
Plaintiff refers to "strong similarity" and "strong proximity" yet does not prove any actual confusion among consumers, merely stating that "on balance" factors weighing in "favor of a likelihood" of confusion. This likelihood is a subjective opinion and not a proven fact.

If it is merely usage of the domain that True Value objects to, Defendant volunteers to point the domain to a generic gardening site. Since September 2015 Defendant received no requests to change the parking format.

Parking profits are not Defendant's motive for owning grenthumbgarden.com. Defendant's plans for the domain were always for it to become a useful gardening information site serving the public.

**ICANN Internet Authority ruling:**
Defendant received absolutely no notice of the filing of this case in Hawaii. Nor the opportunity to submit documents from the preeminent domain registry authority, ICAAN, which declared in September 2015 via a URDP decision the following:

1. The Panel finds there is no evidence that Respondent was intentionally using the domain name to mislead the public in any way.
2. Respondent did not register or use the **<greenthumbgarden.com>** domain name in bad faith.
3. The disputed domain name was registered in 1999, over 16 years prior to this proceeding. There is no business disruption or confusion suffered by Complainant as a result of Respondent's domain name registration.
4. It is **ORDERED** that the **<greenthumbgarden.com>** domain name **REMAIN WITH** Respondent.

**B. Presenting Defenses to the Claims for Relief**

**Defendant did not receive Notification of case in Hawaii court**

1. The manner of serving the defendant with the summons and complaint was insufficient because defendant received absolutely no notice of the filing of this case in Hawaii and was thereby deprived of the opportunity to submit documents from the preeminent domain registry authority, ICAAN Domain Dispute FORUM, which has declared in a ruling (attached) that Defendant's ownership of GreenThumbGarden.com does not infringe on Plaintiff's trademark and is not confusingly similar.

2. Plaintiff made no reasonable attempt to notify Defendant.

3. Plaintiff sent documents to a decade-old obsolete office address when Defendant's current address is widely available. Defendant's correct address is in the Who-Is registry of the domain itself. Likewise Defendant's P.O. box email, phone & fax numbers are in that database for greenthumbgarden.com and are listed on documents in the files of Plaintiff's counsel.

4. The complaint fails to state a claim upon which relief can be granted because this dispute was already arbitrated with a ruling in favor of the defendant by Judge Hon. Fink of the ICANN, UDRP Domain Name Dispute FORUM, Claim Number: FA1508001633289 (attached)

5. This crucial evidence of the UDRP ruling was excluded from True Value Company's complaint depriving the Court of critical facts that could have resulted in a ruling in favor of the Defendant.

**Primary reasons for vacating Case 1:16-cv-00237-JMS-RLP**

Defendant requests the Court to vacate its Entry of Default Judgment due to Plaintiff's attorneys repeatedly mailing case notification documents to an address which they soon came to know was obsolete once the first mailing was returned as undeliverable.

Because Defendant's many alternative contacts are widely available and no attempts were made to deliver notices to Defendant's P.O. Box, Email, Fax or Phone, all available in Plaintiff attorneys' files, Plaintiff sending multiple mailings to a bad address could only have been intentional.

Defendant believes the attorneys' goal was to deny Defendant knowing about the case so that Defendant's arguments could not be heard by the

court. This is because in 2015 when Plaintiff's attorneys filed a UDRP Complaint with ICANN, the world's governing domain name authority, an independent judge ruled against True Value Company's claims in favor of Defendant. Plaintiff's counsel deliberately concealed this important evidence from the judge in the Hawaii court.

In the UDRP procedures Defendant prepared his own defense, with no more qualifications than being an editor, and prevailed over the efforts of Plaintiff's prestigious law firm which had racked up large fees making its case.

Defendant contends that Plaintiff's legal team's appalling lack of diligence in correctly serving this case's legal documents to Defendant is related to the humiliation of the UDRP case.

The Plaintiff's lawyers' new mission became to attack the Defendant, already ruled innocent by a worldwide governing body, as revenge and to get back for its client fees that were wasted for a futile 2015 dispute.

They hoped to accomplish this by billing $34,081.45 for 104.1 hours work by a team of 9 lawyers and 2 paralegals, in spite of the fact that one simple letter, phone call or fax would have resolved this entire domain dispute. (The Hawaii Court found these fees to be excessive and reduced the amount to $23,630.16)

Consequently this case has become less about the GreenThumbGarden.com domain and primarily about recovering fees massively inflated in proportion to the value of the domain, which could have been acquired very inexpensively with a phone call to Defendant.

Plaintiff's attorneys willfully avoided contacting Defendant by repeatedly serving documents by mail to an address where they knew mail was being returned as undeliverable over and over again. Concealing the case from Defendant assured he would be a no-show in Court.

In light of this injustice Defendant requests that the Court vacate the judgment in Case 1:16-cv-00237-JMS-RLP

**D. Asserting Claims Against the Plaintiff (Counterclaim) or Against Another Defendant (Cross-Claim)**

1. Due to **improper serving of notice** of the Complaint being filed, and exclusion of rulings in favor of Defendant by The UDRP FORUM for Domain Name Disputes, the Defendant is registering the following claim against the Plaintiff:

   **Defendant requests that order to transfer greenthrumbgarden.com to Plaintiff be dismissed.**

2. The defendant requests release from all liability for legal fees:

a. This litigation appears designed by Plaintiff's attorneys as an opportunity to accumulate disproportionate legal fees (so high that the Hawaii Court determined the fees excessive and reduced them by $10,000).

Defendant is incredulous that with all his many contact options featured prominently in documents in Plaintiff's attorneys' files since 2015 that no attorney ever contacted him and that the multiple serving of documents to an address that kept the Post Office repeatedly returning the envelopes to Sender was used to mask Defendant knowing about the pending case in Hawaii. Therefore, having done the Plaintiff no wrong, Defendant's liability for any fees is unfair and unjust.

b. Also, excluded from the current case was additional evidence from the ICANN ruling ordering the domain greenthumbgarden.com not to be transferred to Plaintiff. That URDP Forum document, containing Defendant's accurate mailing address, was deliberately left out of the case by Plaintiff (copies of which are submitted herein). Because of these discrepancies defendant prays to the Court for relief from all legal fees.

**Defendant's counterclaim asks the Court to order claims for attorney's fees to be dismissed.**

3. The Defendant petitions the Court for an award for damages in the amount of $10,000

a. Filing a complaint on a domain that had already been arbitrated in a UDRP domain dispute, which had ruled in favor of the Defendant, while excluding from Plaintiff's Complaint all notices and references to that URDP Case's ruling, deprived the Court of significant evidence from an independent judge who had meticulously examined Defendant's rights to greenthumbgarden.com.
Had this information been included in Plaintiff's claim before the Hawaii court it would have changed the outcome of the Hawaii Judge's deliberations in favor of the Defendant.

As a result of the judgment locking his domain and being based on incomplete information with crucial documents being omitted from the case by Plaintiff's attorneys, Defendant's 20-year reputation in the domain community was damaged. Defendant's reputation with his longtime domain registrar E-Nom was also damaged.

**Defendant hereby petitions the Court for an award of $10,000 for stress and damage to Defendant's reputation in the web development community.**

**III. Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

**A. For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January, 25 2017.

Signature of Defendant

John Hills

Telephone Number: 808 268 5000
E-mail Address: imonsoon@gmail.com

Defendant's Response prepared by John Hills who is not an attorney

Exhibits Enclosed:

URDP FORUM Decision

URDP Response to Complaint by True Value

Parking Revenue screen capture